# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC SMILEY,
      Petitioner,
  v.                                                                       Case No. 03-C-0656

MICHAEL THURMER,
Warden, Waupun Correctional Institution,
      Respondent.

## ORDER

On July 12, 2007, I granted petitioner Eric Smiley's application for a writ of habeas corpus and ordered that he be released within 120 days unless the State of Wisconsin decided to retry him within that time. The State appealed my decision, and the Seventh Circuit affirmed. Smiley v. Thurmer, 542 F.3d 574 (7th Cir. 2008). Before me now is petitioner's request for immediate release from respondent's custody pursuant to my July 12, 2007 order.

It is well-settled that a district court can order a petitioner's release. Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind., 53 F.3d 859, 864 (7th Cir. 1995). "Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him." Id. (quoting Fay v. Noia, 372 U.S. 391, 430-31 (1963)). This power continues even after courts grant conditional orders; if the state fails to meet the condition specified in the conditional order, the district court may order the petitioner's release. Phifer, 53 F.3d at 864; Fisher v. Rose, 757 F.2d 789, 791 (6th Cir. 1985) ("A conditional grant of a writ of habeas corpus requires the petitioner's release from custody if new proceedings are not commenced by the state

1

within the prescribed time period."). Further, a district court has the power to interpret and enforce its original judgment to the extent consistent with any mandate from the Court of Appeals. See Burton v. Johnson, 975 F.2d 690, 693 (10th Cir. 1992).

In the present case, my initial order and judgment provided that respondent must release petitioner within 120 days from the date of my order unless the State decides to retry petitioner within that time. As of today, more than 120 days has elapsed since the date of that order and judgment.[1] The state has given no indication that it has taken any steps or made a decision to retry petitioner. Additionally, a review of Wisconsin's Consolidated Court Automation Programs (CCAP) does not reveal any such activity by the State, nor has the State offered any evidence of activity in this regard.

Further, respondent has not opposed petitioner's request for release. On November 7, 2008, the Court contacted Katherine Tripp, attorney for respondent, who advised the court that she had been in contact with the individuals responsible for deciding whether to retry petitioner to apprise them of the status of this case and the 120-day deadline for either petitioner's release or a decision to retry petitioner. Attorney Tripp further indicated she did not intend to oppose the request for release.

---

[1] On October 11, 2007, after 91 days had elapsed from the date of that order, I temporarily stayed the release or retrial of the petitioner pending the ongoing negotiations of the parties. On March 4, 2008, I formalized and extended the stay pending resolution of the appeal by the Seventh Circuit. On September 5, 2008, the Seventh Circuit issued its decision affirming the July 12, 2007 order. On October 1, 2008, the Seventh Circuit issued its final mandate affirming the July 12, 2007 order. Thus, given the 91 days that elapsed between the date of my original order granting habeas relief and the date I stayed execution of that order, and the more than 30 days that has elapsed since the Seventh Circuit issued its final mandate in the appeal of my order, the 120-day time period allotted to the State to retry petitioner has expired.

Therefore, given that the State, fully aware of the terms of this Court's order granting petitioner's application for a writ of habeas corpus, has not taken steps to retry petitioner; that over 120 days has elapsed since my original order granting the writ and the Seventh Circuit's affirmance of that order; that the State has therefore failed to fulfill the condition imposed upon it in that order; and that respondent has not and will not put forth any argument counseling against petitioner's release, I conclude petitioner is entitled to immediate release from respondent's custody. This order is without prejudice to any right the State may have to rearrest and retry petitioner. See Satterlee v. Wolfenbarger, 453 F.3d 362, 370 (6th Cir. 2006) ("In a typical case in which a prisoner is released because a state fails to retry the prisoner by the deadline set in a conditional writ, 'the state is not precluded from rearresting petitioner and retrying him under the same indictment.'") (quoting Fisher, 757 F.2d at 791).

**Therefore**,

**IT IS ORDERED** that respondent, Michael Thurmer, shall release petitioner Eric Smiley from custody.

Dated at Milwaukee, Wisconsin this 12 day of November, 2008.

/s
LYNN ADELMAN
District Judge