# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIC SMILEY,**
        **Petitioner,**
v.                                                                            **Case No. 03-C-0656**

**MICHAEL THURMER,**
**Warden, Waupun Correctional Institution,**
        **Respondent.**

## ORDER

On July 12, 2007, I granted petitioner Eric Smiley's application for a writ of habeas corpus and ordered that he be released within 120 days unless the State of Wisconsin decided to retry him within that time. The State appealed my decision, and the Seventh Circuit affirmed. Smiley v. Thurmer, 542 F.3d 574 (7th Cir. 2008). On October 31, 2008, petitioner requested that I order his immediate release pursuant to my July 12, 2007 order. Respondent did not oppose that request, and on November 12, 2008, I ordered that respondent immediately release petitioner from custody. Following that order, respondent, the warden of the Waupun Correctional Institution, did indeed release petitioner from his custody; however, petitioner was not set free. Rather, he was transferred to the custody of Milwaukee County where he was held pursuant to the original criminal complaint, and the State initiated proceedings to retry petitioner. Subsequently, petitioner filed a motion seeking an order compelling his release and barring his reprosecution, which is before me now.

Where a federal court has granted habeas relief in the form of a "retry or release" conditional release order, such relief may justify an order forbidding reprosecution if the

1

state "inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial." 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 33.3 (5th ed. 2001). However, "absent such extraordinary circumstances, the federal courts usually permit rearrest and retrial after the time period in the conditional release order has elapsed and the prisoner has been released." Id.

In the present case, I conclude petitioner has failed to establish "extraordinary circumstances" warranting the requested relief. Petitioner emphasizes respondent's failure to either release petitioner from respondent's custody or begin retrial proceedings within the 120-day period, but this does not amount to inexcusable, repeated or otherwise abusive failures to act. Rather, this amounts to a single failure, easily excused and explained by the ambiguity as to when exactly the 120-day period expired.[1] Further, petitioner has not established any prejudice to his ability to present a defense at trial. He asserts that the State's failure to release him earlier had a negative impact on his right to a speedy trial, but he does not explain how (and a review of Wisconsin's Consolidated Court Automation Programs (CCAP) indicates that petitioner actually requested a delay in scheduling either a trial or plea hearing on January 7, 2009). Additionally, petitioner

---

[1] The State interpreted the conditional order and judgment and the stay pending appeal of the execution of that order and judgment as stopping the 120-day clock completely, as of the date of the July 12, 2007 order, until the Seventh Circuit issued its mandate. In other words, the State believed the 120-day period started to run only when the Seventh Circuit issued its mandate. This interpretation is entirely reasonable, given that respondent's motion to stay execution of the July 12, 2007 order specifically requested that I stay execution of the order for 120 days following the issuance of the Seventh Circuit's mandate, and I granted that motion without specifying from what date or event the 120-day period would run.

2

asserts that the State's actions placed him in a "procedural box"; however, he does not adequately explain why this prejudices him. He mentions in this argument bail and an initial appearance, seemingly implying that he has been denied both; however, CCAP indicates that on November 17, 2008, the state circuit court conducted a bail hearing, and petitioner's counsel waived petitioner's appearance at that proceeding (and later proceedings as well). Thus, these arguments fail.

Petitioner also points to the State's failure to unconditionally release him from all custody, suggesting that this failure indicates a disregard for this court's November 12, 2008 order. That order, however, compelled respondent Michael Thurmer to release petitioner from custody, which indeed he did do. Petitioner is no longer being held in custody by respondent pursuant to an unconstitutional conviction, but rather is being held in custody pursuant to the original criminal complaint, pending completion of ongoing retrial proceedings. See Satterlee v. Wolfenbarger, 453 F.3d 362, 370 (6th Cir. 2006) ("In a typical case in which a prisoner is released because a state fails to retry the prisoner by the deadline set in a conditional writ, 'the state is not precluded from rearresting petitioner and retrying him under the same indictment.'") (quoting Fisher, 757 F.2d at 791). Petitioner has not established that this is anything other than a typical case.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Compel Release and Bar Reprosecution is **DENIED.**

Dated at Milwaukee, Wisconsin this 5 day of May, 2009.

/s
LYNN ADELMAN
District Judge